IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

NATHANIAL TUFF,

        Plaintiff,

   v.           Civ. Action No.
                6:09-CV-0183 (DNH/DEP)

LT. LIDDY,

        Defendant.

-----------------------------------------------------------------

APPEARANCES:        OF COUNSEL:

NATHANIAL TUFF
Plaintiff, *pro se*
1663 Steuben Street
Utica, New York 13501

DAVID N. HURD
United States District Judge

## **DECISION AND ORDER**

By Decision and Order filed March 26, 2009, plaintiff was granted leave to proceed *in forma pauperis* and was directed to amend his complaint, within thirty (30) days, to demonstrate a basis for finding that his claims are not barred by the applicable statutes of limitations, and that his claims are not precluded by the commencement of another action arising out of the same course of events.[1]  Dkt. 4.  Plaintiff has since submitted an amended complaint, Dkt. 5., which has been forwarded to the court for

---

[1] On February 17, 2009, plaintiff also commenced a separate action against both the Oneida County Jail and Lieutenant Liddy asserting claims which appear to duplicate, or at the very least overlap, those interposed in this action.  *See Tuff v. Oneida County Jail*, No. 9:09-CV-185 (DNH/DEP).  As the court previously instructed plaintiff, to the extent that the claims in this action replicate those in No. 9:09-CV-185, or because they are based upon the same facts and circumstances and should have been interposed in that action, the complaint in this case could be subject to dismissal.  Plaintiff has completely failed to comply with the court's directive that he demonstrate why this lawsuit is not precluded by the above referenced complaint.  On this basis alone, dismissal is warranted.

review to determine whether it cures the deficiencies discerned on review of plaintiff's initial complaint.

When a plaintiff seeks to proceed *in forma pauperis*, as directed in 28 U.S.C. § 1915(e) "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, the court has a gatekeeping responsibility to determine that a complaint may be properly maintained in this district before it may permit a plaintiff to proceed with an action *in forma pauperis*. *See id.*

In deciding whether a complaint states a colorable claim a court must extend a certain measure of deference towards *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990)(per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). There is nonetheless an obligation on the part of the court to determine that a claim is not frivolous before permitting a plaintiff to proceed. *See Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (district court may dismiss frivolous complaint *sua sponte* notwithstanding the fact that the plaintiff has paid statutory filing fee); *Wachtler v. Herkimer County*, 35 F.3d 77, 82 (2d Cir. 1994) (district court has power to dismiss case *sua sponte* for failure to state a claim).

In his original complaint plaintiff alleged that defendant, identified as a lieutenant, violated his civil rights by ordering a strip search of plaintiff which led to an accident

resulting in an injury to Tuff's back. Dkt. No. 1. Plaintiff's complaint, however, did not provide further specifics including, notably, the date upon which the relevant events giving rise to his claims are alleged to have occurred. As plaintiff was previously cautioned, a finding that *pro se* plaintiff's claims are facially untimely could lead to *sua sponte* dismissal of the plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Pino v. Ryan,* 49 F.3d 51 (2d Cir. 1995).

The amended complaint alleges that the constitutional violation occurred on April 5, 2005, and presumably as justification for the obvious untimeliness of this action, plaintiff vaguely alleges that "[t]he Oneida County Jail has a lack of library staff, that should maintain the law library, but also the exspected leagle [sic] information pertaining to ones rights . . either that or it's the wrong information or the prisoner never receives it . . . Because the prisoners are not allowed acsses [sic] to the law library. . . ." Attachment to Amended Complaint (Dkt. 5). Notably, plaintiff does not specifically allege that he was ever deprived of access to the law library or legal materials, or more importantly, that defendant engaged in a fraud or wrong to prevent plaintiff from timely bringing this action.

Consistent with the Supreme Court's pronouncement that in actions brought under 42 U.S.C. § 1983 the applicable limitations period is derived from the general or residual statute of limitations for personal injury actions under the laws of the forum state, *see Owens v. Okure,* 488 U.S. 235, 249-50, 109 S. Ct. 573, 582 (1989), plaintiff's claim in this action is governed by the three-year statute of limitations which applies in New York to personal injury claims of an otherwise unspecified nature. *See* N.Y. C.P.L.R. § 214(5); *see also Ormiston v. Nelson*, 117 F.3d 69, 71 (2d Cir. 1997)

(quoting *Owens*); *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1156 (2d Cir. 1995); *Lugo v. Senkowski*, 114 F. Supp. 2d 111, 113 (N.D.N.Y. 2000) (Kahn, J.) (citing *Pinaud* and *Owens*).  Plaintiff's complaint in this action is deemed to have been filed on February 17, 2009, which is both the date handwritten by plaintiff next to his signature on the complaint itself, as well as the date reflected on the court's docket.  Plaintiff's claims are thus untimely unless found to have accrued on or after February 17, 2006.  As was noted above, however, plaintiff specifies the date of the alleged occurrence giving rise to his claims as March 5, 2005, which is nearly a year before February 17, 2006.  "The Second Circuit in *Pino* expressly held that '[a] dismissal . . . based on the statute of limitations is especially appropriate where, as in this case, . . . plaintiff has alleged no facts indicating a continuous or ongoing violation of his constitutional rights.'" *Koehl v. Greene*, 9:06-CV-0478, 2007 WL 2846905, *8 (Kahn, D.J. and Lowe, M.J.)(quoting *Pino v. Ryan*, 49 F.3d at 54).

      To the extent that plaintiff attempts to establish a plausible basis for tolling the statute of limitations by offering the ambiguous assertion that prisoners of the Oneida County Jail do not have adequate law library resources, his claims still must fail.  While federal law determines when a section 1983 claim accrues, state tolling principles inform the analysis of whether the limitations period has been tolled, unless those rules would "'defeat the goals'" of section 1983.  *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002) (quoting *Hardin v. Straub*, 490 U.S. 536, 539, 109 S. Ct. 1998 (1989)).  The Second Circuit has recognized that under certain compelling circumstances equitable tolling may be invoked to avoid dismissal of an otherwise stale claim based

upon a governing statute of limitations. *Keating v. Carey*, 706 F.2d 377 (2d Cir. 1983) When a "defendant fraudulently conceals the wrong," equitable tolling applies and "the time [limit of the statute of limitations] does not begin running until the plaintiff discovers, or by the exercise of reasonable diligence should have discovered, the cause of action." *Id.* at 382. To take advantage of this doctrine, a plaintiff must submit non-conclusory evidence of a conspiracy or other fraudulent wrong which precluded the discovery of the harm suffered. *Pinaud*, 52 F.3d at 1157-58 (citation omitted). Having carefully reviewed the record, it is found that there is no basis to invoke equitable tolling in this case in order to salvage what is an otherwise patently untimely claim of the plaintiff.

    THEREFORE, it is

    ORDERED, that

    1. Plaintiff's complaint is DISMISSED;

    2. The Clerk is directed to enter judgment dismissing this action; and

    3. The Clerk is directed to serve a copy of this Order on the plaintiff by regular mail.

    IT IS SO ORDERED.

United States District Judge

Dated: May 21, 2009
       Utica, New York.